MOTOR TRUCKING CO., INC., A NEW JERSEY CORPORA-
TION, PLAINTIFF, v. De GENNARO TRANSPORTATION,
INC., CARMEN TRIONE, AND MONARCH FIRE INSUR-
ANCE COMPANY, A CORPORATION, DEFENDANTS.

Essex County Court
Law Division

Decided May 3, 1951.

*Mr. Henry J. Bendheim,* for the plaintiff.

*Messrs. Cox & Walburg (Mr. John A. Gleeson),* for defendant Monarch Fire Insurance Company.

CONLON, J. C. C. The complaint is in two counts. In the first count plaintiff alleges the loss of its goods by the default of the defendant, De Gennaro Transportation, Inc., a common carrier, and Carmen Trione, its employee. In the second count plaintiff alleges that defendant, Monarch Fire Insurance Company, issued an indemnity policy in favor of the De Gennaro Transportation, Inc.; that the policy was issued for the benefit of the plaintiff; that an action has accrued thereunder and seeks judgment against the insurance company for the amount of its loss.

The defendant, De Gennaro Transportation, Inc., has filed a cross-complaint against the Monarch Fire Insurance Company under the indemnity policy. The issue between the parties seems to be whether or not the merchandise in question, at the time it was stolen from the De Gennaro truck, was in the possession of the plaintiff or the defendant, the defendant contending that it was not a common carrier since the plaintiff had hired the truck.

The defendant insurance company moves for a severance of the trial as to the first count of the complaint and a separate trial together of the second count and the cross-complaint. It contends that if there be a joint trial its rights will be prejudiced by the revelation to the jury that the De Gennaro Transportation, Inc., is insured.

On the other hand, the plaintiff contends that since the insurance company's defense is that its policy does not cover the

loss for the same reason the De Gennaro Transportation, Inc., denies liability, a separate trial might result in requiring the litigation of the factual question twice with the possibility of different results.

The motion is governed by *Rule* 3:42–2 which in effect provides that its disposition is in the discretion of the court, the purpose being to avoid prejudice to any of the parties.

The defendant insurance company contends that it is improperly joined as a party to the action and that the issue, if determinable at all in this action, should be disposed of by the cross-complaint. It is unnecessary to decide that point since I am satisfied that a joint trial of the contingent liability of the insurance company with the main issue would be prejudicial to the rights of both defendants.

An order will be entered directing a separate trial on the first count leaving the issue on the second count and the cross-complaint to be tried later if the plaintiff prevails at the first trial.